UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDMEE MARTINEZ, JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3,

    Plaintiffs,

v.

JOHN GILLESPIE, MARK FETHERMAN, JOHN GILLESPIE LAW, P.A., and BREVARD CRIMINAL ATTORNEYS, P.A.,

    Defendants.

CASE NO :6:22-CV-00286-PGB-LHP

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT GILLESPIE'S AFFIRMATIVE DEFENSES**

**COMES NOW**, Plaintiffs, EDMEE MARTINEZ, JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, by and through their undersigned attorney, hereby files this Motion to Strike Defendant's Gillespie's Affirmative Defenses No. 1-3 (Dkt. 17) on the grounds that they are insufficiently pled, pursuant to the requirements of Rule 8 of the Federal Rules of Civil Procedure.

**MEMORANDUM**

**I.    PROCEDURAL HISTORY**

On February 9, 2022, Plaintiffs filed the Amended Complaint on behalf of four (4) Plaintiffs, alleging violations of the Trafficking Victims' Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591 and 1595 and related state law claims. On March 28, 2022, Defendant Gillespie filed his Answer and Affirmative Defenses, in which he

alleges three, bare-bones affirmative defenses. These affirmative defenses are as follows:

1. FIRST AFFIRMATIVE DEFENSE ("FIRST AD"): The Complaint fails to state a claim upon which relief may be granted.

2. SECOND AFFIRMATIVE DEFENSE ("SECOND AD"): Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

3. THIRD AFFIRMATIVE DEFENSE ("THIRD AD"): Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

## II.   ARGUMENT

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. *Royal Palm Sav. Ass'n v. Pine Trace Corp.,* 716 F.Supp. 1416, 1420 (M.D.Fla.1989). Affirmative defenses must meet the general pleading requirements requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8 requires a defendant to give the plaintiffs "fair notice" of the nature of the defense, which plaintiff it applies to, and the grounds upon which it rests. *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations." *Id.* citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla.

2002).

The First AD is the definition of a bare-bones, conclusory allegation. This entire statement is a legal conclusion and fails to state the requirements of Rule 8. Defendant has not identified how the Amended Complaint fails to state a claim upon which relief can be granted and therefore fails to provide Plaintiffs with enough information to allow them to respond to the defense. *Microsoft Corp.*, 211 F.R.D. at 684 (conclusory legal allegation involving copyright misuse was stricken as insufficiently pled as a matter of law); *Mid-Continent Cas. Co. v. Active Drywall S., Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (conclusory legal allegation involving a covenant of good faith and fair dealing was stricken as insufficiently pled as a matter of law). This affirmative defense should be stricken.

The Second AD is equally as insufficient as a matter of law, as this is also a legal conclusion and fails to comply the requirements of Rule 8. Furthermore, it should be noted that there are four Plaintiffs and each had claims from different years. This bare-bones, conclusory allegation does not notify which Plaintiffs it applies to or what circumstances this allegation refers to. This affirmative defense should be stricken.

Finally, the Third AD is not an affirmative defense; rather, this is a reservation of rights. Defendant is attempting to circumvent the Federal Rules of Civil Procedure regarding amendments to the pleadings. Defendant cannot reserve such a right; such a right exists in certain circumstances and requires leave of the Court in other circumstances. As such, this "reservation of rights" is not an affirmative defense, has

no bearing on the equities of the case, and can have no influence at all on the decision of the case. This affirmative defense should be stricken.

### III.   CONCLUSION

The Court should strike Defendant Gillespie's affirmative defenses as insufficiently pled in violation of Rule 8 of the Federal Rules of Civil Procedure.


DATED: April 18, 2022
                                
*/s/ Lisa D. Haba*
Lisa D. Haba (FBN 077535)
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com