UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDMEE MARTINEZ, ET AL.

    Plaintiffs,

v.                                                     CASE NO. 6-22-cv-00286-PGB-LHP

JOHN GILLESPIE, ET AL.,

    Defendants.

**DEFENDANT JOHN GILLESPIE'S UNOPPOSED MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, JOHN GILLESPIE, by and through the undersigned counsel, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, hereby moves for leave to amend his affirmative defenses to the Plaintiff's Amended Complaint, and in support thereof states as follows:

1. This is an action in which Plaintiffs seek damages for allegedly being victims of human trafficking, sexual battery, false imprisonment, and legal malpractice.

2. Plaintiffs filed their Amended Complaint on February 8, 2022.

3. Defendant Gillespie filed his Answer and Affirmative Defenses to Plaintiffs' Amended Complaint on March 28, 2022.

4. Defendant Gillespie pleaded as his first affirmative defense the

1

following: "The Complaint fails to state a claim upon which relief may be granted."

5. Defendant Gillespie pleaded as his second affirmative defense the following: "Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations."

6. Defendant Gillespie pleaded as his third affirmative defense the following: "Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation."

7. Plaintiffs filed their Motion to Strike Affirmative Defenses, arguing that the First and Second Affirmative Defenses were not sufficiently pled, and that the Third Affirmative Defense was no Affirmative Defense at all.

8. After meeting and conferring with Plaintiffs' Counsel, Defendant Gillespie now seeks leave to amend his affirmative defenses in order to withdraw his First and Third Affirmative Defenses and to add detail that would remedy any insufficiency of his Second Affirmative Defense.

9. Defendant Gillespie seeks to withdraw his First Affirmative Defense.

10. Defendant Gillespie seeks to amend his Second Affirmative Defense as follows:

> Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations. Concerning Count I, Plaintiff Edmee Martinez is barred from suit, as the alleged incidents are claimed to have occurred in 2002, at which time 18 U.S.C. § 1595 did not exist.

Granting that the Victims of Trafficking and Violence Protection Act of 2000 did exist, the statute of limitations for this was four (4) years. Twenty (20) years have passed, and the Complaint, as regards the allegations of Plaintiff Edmee Martinez, is clearly violative of the statute of limitations.

Concerning Counts II, III, and IV, Plaintiffs Edmee Martinez, Jane Doe 1, and Jane Doe 2 are barred from suit by F.S. 772.17, which specifies a five-year statute of limitations. Plaintiff Edmee Martinez alleges conduct occurring in 2002; Plaintiff Jane Doe 1 alleges conduct occurring in 2013; Plaintiff Jane Doe 2 alleges conduct occurring from 2012 to 2014 and in 2016; all of which dates precede February 2017, the five-year mark before the filing of the Complaint.

11. Defendant Gillespie seeks to withdraw his Third Affirmative Defense.

12. Defendant Gillespie will be severely prejudiced if he is not allowed to amend his affirmative defenses.

13. This request is made in good faith and does not prejudice the Plaintiffs in this matter.

14. Plaintiffs' Counsel does not oppose this Motion.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 15 states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2) (emphasis added).

The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Best Canvas Products & Supplies, Inc. v. Ploof Truck

3

Lines, Inc., 713 F.2d 618 (11th Cir.1983). However, "'[d]iscretion' may be a misleading term, for Rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir.1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Id. at 598; Espey v. Wainwright, 734 F.2d 748, 759 (11th Cir. 1994).

Unless there is undue delay, bad faith, futility, a dilatory motive or prejudice to the opposing party, "the leave sought should, as the rules require, be 'freely given.'" Allapattah Services, Inc. v. Exxon Corp., 61 F.Supp.2d 1326, 1333 (S.D.Fla. 1999) (internal citations omitted).

In the case *sub judice* there is no reason to deny Defendants' Motion for Leave to Amend their Affirmative Defenses in order to add the detail required under Federal Rule of Civil Procedure 8. Defendant Gillespie seeks to withdraw his First and Third Affirmative Defenses in good faith response to Plaintiffs' Motion to Strike. Also in good faith, Defendant Gillespie seeks to amend his Second Affirmative Defense in response to Plaintiffs' Motion to Strike. Defendant Gillespie believes in good faith that his Second Affirmative Defense is dispositive

of multiple counts for multiple Plaintiffs.

Plaintiffs were presumably aware of the statute of limitations issue before the Complaint was filed, and this issue was raised, albeit without detail, by Defendant Gillespie in his original Answer and Affirmative Defenses. There is, therefore, no prejudice to the Plaintiffs. Conversely, Defendant Gillespie would be prejudiced if leave to amend in this case was denied, since generally, ". . . when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue of trial." Hassan v. U.S. Postal Service, 842 F.2d 260 (11th Cir. 1988).

WHEREFORE, Defendant John Gillespie respectfully requests that this Honorable Court grant leave for Defendant Gillespie to file the attached proposed pleading (Exhibit A), and deem the same filed as of the date of the Court's Order, and for such other relief as this Court deems necessary and just.

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been furnished by e-service to Lisa Haba, The Haba Law Firm, P.A., 1220 Commerce Park Dr., Suite 207, Longwood, Florida 32779, and Eric W. Ludwig, Law Office of Eric W. Ludwig, 238 N. Westmonte Dr., Suite 230, Altamonte Springs, Florida 32714, on this 9th day of May 2022.

SIGNATURE ON FOLLOWING PAGE

                                                Respectfully submitted,

                                                ___/s/ Augustus Invictus_____
                                                **Augustus Invictus, Esq.**
                                                Florida Bar No.: 98586
                                                The Invictus Law Firm, P.A.
                                                424 E. Central Blvd. #731
                                                Orlando, Florida 32801
                                                Phone: 407.900.2848
                                                Email: InvictusPA@protonmail.com